UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROMULO RICHARDSON, *et al.*, <br> *on behalf of A.G.H.* <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA <br> SUPERIOR COURTS, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:22-cv-02585 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and his *pro se* complaint, ECF No. 1. The Court grants the application and, for the reasons discussed below, dismisses the complaint in its entirety.

Plaintiff, a resident of the District of Columbia, is the biological father of a minor child he has never met. It appears that various proceedings in the Superior Court of the District of Columbia resulted in rulings unfavorable to plaintiff, including the issuance of civil protection orders, a divorce decree, the adjudication of the child's paternity, and an order granting sole custody of the child to plaintiff's ex-wife. He thus brings this civil rights action against his ex-wife and the Superior Court, alleging a wide-spread conspiracy to violate rights protected under the Fourteenth Amendment to the United States Constitution. The complaint's factual allegations focus squarely on plaintiff's personal history of disputes and contention with his ex-wife, and on several Superior Court Judges and their resulting rulings in the domestic matters. Plaintiff asks this Court to review the entire Superior Court record, vacate the Superior Court's rulings, and grant him emergency visitation with the minor child.

*First*, under 42 U.S.C. § 1983, there is a private cause of action against a person who, under color of state or District of Columbia law, deprives another individual of a federal constitutional or statutory right. *See generally Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978). Plaintiff's allegations against both defendants fail because they simply do not implicate any constitutional or federal statutory right, and as such, the claims should be appealed or otherwise contested in the relevant local court where the proceedings were initiated. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake). Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009), citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam).

*Second*, and moreover, a municipality such as the District of Columbia is a "person" for purposes of § 1983 and may be held liable for its "agents' constitutional torts," but only if those agents "acted pursuant to municipal policy or custom." *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). "To establish municipal liability under § 1983, a plaintiff must first demonstrate that there was an underlying constitutional violation, and second, show that the municipality's policy or custom caused the constitutional violation." *Bell v. District of Columbia*, 82 F. Supp. 3d 151, 155 (D.D.C. 2015) (citation omitted). To satisfy the second prong of this test, a plaintiff must allege that the municipality (1) "explicitly adopted the policy that was the moving force of the constitutional violation"; (2) "knowingly ignore[d] a practice that was consistent

enough to constitute custom"; or (3) failed to "respond[ ] to a need . . . in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Warren*, 353 F.3d at 39 (citations and internal quotation marks omitted). A plaintiff may also succeed by alleging that an authorized municipal policymaker made a one-time decision that resulted in the alleged constitutional deprivation. *See Singletary v. District of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014). There are no such factual allegations in this complaint, and without them, plaintiff establishes no basis for the District's liability.

*Third*, this federal district Court "lack[s] jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citations and internal quotation marks omitted); *see Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (finding that district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"), citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986).  Such is the province of the District of Columbia Court of Appeals.  *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923).

Indeed, the domestic relations exception specifically deprives a federal district court of the "power to issue divorce . . . and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to determine child support obligations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or

resolv[ing] parental conflicts over the custody of their children"). Consequently, and for all of the above-stated reasons, this matter is dismissed without prejudice.

*Finally*, the Court notes that, contrary to Local Civil Rule 5.4(f), the minor child is mentioned by name throughout the complaint and civil cover sheet, and other bits of the minor's personal information, including the minor's date of birth, appears in assorted attached exhibits, which are lengthy and are contained in a single docket entry. Therefore, the Court hereby directs the Clerk of Court to seal the complaint and its exhibits, ECF Nos. 1, 1-1, and 1-2, in their entirety.

A separate order accompanies this memorandum opinion.

                                                     AMY BERMAN JACKSON
Date:  December 13, 2022                    United States District Judge